IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ECOLOGY AND ENVIRONMENT INC., MARSHALL A. HEINBERG, FRANK B. SILVESTRO, RONALD L. FRANK, MICHAEL C. GROSS, JUSTIN C. JACOBS, and MICHAEL EL-HILLOW, | ) CLASS ACTION ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.	This action stems from a proposed transaction announced on August 28, 2019 (the "Proposed Transaction"), pursuant to which Ecology and Environment Inc. ("Ecology" or the "Company") will be acquired by WSP Global, Inc. ("Parent") and Everest Acquisition Corp. ("Merger Sub," and together with Parent, "WSP").

2.	On August 28, 2019, Ecology's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with WSP. Pursuant to the terms of the Merger Agreement, shareholders of Ecology will receive $15.00 in cash and a special dividend of up to $0.50 for each share of Ecology common stock they own.

3. On September 26, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Ecology common stock.

9. Defendant Ecology is a New York corporation with offices located at 90 Broad Street, Suite 1906, New York, NY 10004. Ecology's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "EEI."

10. Defendant Marshall A. Heinberg is Chairman of the Board of the Company.

11. Defendant Frank B. Silvestro is a founder and director of the Company.

12. Defendant Ronald L. Frank is a founder and director of the Company.

13. Defendant Michael C. Gross is a director of the Company.

14. Defendant Justin C. Jacobs is a director of the Company.

15. Defendant Michael El-Hillow is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Ecology (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18. This action is properly maintainable as a class action.

19. The Class is so numerous that joinder of all members is impracticable. As of August 26, 2019, there were approximately 3,128,823 shares of Ecology Class A Common Stock and 1,200,735 shares of Ecology Class B Common Stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

23. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

24. Ecology is an environmental and engineering consulting firm that employs professionals in scientific, engineering, and planning disciplines and works collaboratively with clients to develop technically sound, science-based solutions to environmental challenges.

25. The Company's client list includes governments, industries, multinational corporations, organizations, and private companies.

26. On August 28, 2019, Ecology's Board caused the Company to enter into the Merger Agreement with WSP.

27. Pursuant to the terms of the Merger Agreement, shareholders of Ecology will receive $15.00 in cash and a special dividend of up to $0.50 for each share of Ecology common stock they own.

28. According to the press release announcing the Proposed Transaction:

Ecology and Environment Inc. ("E & E") (Nasdaq: EEI) today announced that it has entered into a definitive merger agreement with WSP Global Inc. ("WSP"), pursuant to which WSP will acquire E & E for cash. Under the terms of the agreement, E & E's shareholders will receive $15.00 in cash, and a special dividend of up to $0.50, for each share of Class A and Class B common stock they own. The special dividend is conditioned on and will be paid following the completion of the transaction and is subject to downward adjustment in certain circumstances. The merger agreement and the transaction have been unanimously approved by E & E's Board of Directors. In addition, E & E's founders Frank Silvestro, Ronald Frank and Gerald Strobel, a trust affiliated with E & E's late founder Gerhard Neumaier, each member of E & E's Board of Directors and affiliates of Mill Road Capital have all signed voting agreements in support of the transaction. . . .

The closing of the transaction is subject to customary closing conditions, including the approval of E & E's shareholders and applicable regulatory approvals. The parties are targeting a closing in the fourth quarter of calendar year 2019, subject to receipt of applicable regulatory approvals. Baird is acting as financial advisor to E & E and Cleary Gottlieb Steen & Hamilton LLP is serving as legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

29. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

30. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

31. First, the Proxy Statement omits material information regarding the Company's financial projections.

32. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate Adjusted EBIT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

33. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Robert W. Baird & Co. Incorporated ("Baird").

35. With respect to Baird's Selected Publicly Traded Company Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Baird in the analysis.

36. With respect to Baird's Selected Acquisition Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by Baird in the analysis.

37. With respect to Baird's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the Company's projected unlevered free cash flows as used by Baird in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 13% to 15% and the range of perpetuity growth rates of 2% to 4%; and (iii) the terminal values for the Company.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Recommendation of our Board of Directors; (iii) Opinion of E&E's Financial Advisor; and (iv) Certain Unaudited Financial Information.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ecology

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Ecology is liable as the issuer of these statements.

43. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

44. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

46. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Ecology within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Ecology and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved

in the making of the Proxy Statement.

53. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: October 8, 2019        **RIGRODSKY & LONG, P.A.**

By: */s/ Timothy J. MacFall*
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com

Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Email: rm@maniskas.com